UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARK E. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-372 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b), Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the motion to dismiss for lack of jurisdiction filed by the defendant, the Commissioner of Social Security. [Doc. 12]. Plaintiff Mark E. Taylor filed his complaint seeking judicial review of the denial of his claims for a period of disability, disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act on July 25, 2005. [Doc. 3].

In support of her motion, the Commissioner has filed the declaration of Earnest Baskerville, Chief of Court Case Preparation and Review Branch 3, Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration, who states that the Office of Hearings and Appeals administers a nationwide hearings and appeals program for the Social

Security Administration; that the Office of Hearings and Appeals includes the Appeals Council and Administrative Law Judges ("ALJs") who hold hearings on claims arising under Titles II and XVI of the Social Security Act, as amended, when such hearing is duly requested by a claimant who is dissatisfied with the administrative determination of a claim; that one function of the Appeals Council is to act on requests for review of hearing decisions made by ALJs and to either grant, deny, or dismiss any such request; that if the Appeals Council denies a timely request for review of a hearing decision, that hearing decision becomes the "final decision" within the meaning of, and subject to, the provisions for judicial review in Section 205(g) of the Social Security Act (42 U.S.C. Section 405(g)), as amended; that he is responsible for the processing of claims under Titles II and XVI of the Social Security Act, as amended, whenever a civil action has been filed in the State of Tennessee; that the official file maintained by the Office of Hearings and Appeals relating to the claim of the plaintiff, Mark E. Taylor, under Titles II and XVI of the Social Security Act, is presently within his custody and has been examined under his supervision; that to the best of his knowledge and belief, the file shows that on December 16, 2003, the plaintiff filed a request for a hearing; that the ALJ dismissed this request on January 10, 2005 because the plaintiff failed to appear at the scheduled hearing; that the acknowledgment card of the scheduled hearing was not returned, but the return receipt card from the United States Postal Service reflects that the notice of hearing was received by the plaintiff; that the plaintiff then requested review on March 9, 2005 of the ALJ's dismissal; that on May 24, 2005, the Appeals Council denied the plaintiff's request for review of the ALJ's dismissal order; that this action did not provide plaintiff with appeal rights; and

2

that on July 29, 2005, a civil action was filed in the United States District Court for the Eastern District of Tennessee. [Doc. 13, Baskerville Declaration].

The Commissioner explains that on January 10, 2005 the ALJ issued a Notice of Dismissal that explained that on December 15, 2004 the agency sent plaintiff a Notice of Hearing via certified mail, stating that the hearing was scheduled for Thursday, January 6, 2004 in Knoxville, Tennessee. The ALJ further noted that on December 23, 2004, the ALJ's office received a signed and dated certified return receipt indicating plaintiff had received the Notice of Hearing. [Doc. 13, Exhibit 3]. The Commissioner points out that the ALJ observed that even as of January 10, 2005 his office had not received any communication from plaintiff that would explain why he did not attend the hearing. [Doc. 13, Exhibit 2]. On March 9, 2005, plaintiff requested Appeals Council review of the ALJ's decision (Notice and Order of Dismissal). [Doc. 13, Exhibit 4]. On May 24, 2005, the Appeals Council denied plaintiff's request for review, stating that it had considered the statement from plaintiff's representative that his office flooded in early December 2004, but noted that the agency had scheduled the hearing for January 6, 2005, which should have provided either plaintiff or his representative ample time in which to request a postponement of the hearing. [Doc. 13, Exhibit 5]. The Commissioner points out that as noted in Mr. Baskerville's Declaration, the Appeals Council's action did not provide plaintiff with appeal rights. [Doc. 13, Baskerville Declaration and Exhibit 5].

In addition, the Commissioner points out that plaintiff's complaint filed in this Court is "generic." [See Doc. 3]. She explains that the complaint does not acknowledge that the ALJ issued a Notice of Dismissal because plaintiff failed to appear for his scheduled hearing, that it

3

incorrectly states that plaintiff exhausted the administrative appeals process, and that it alleges that the decision of the defendant is not supported by substantial evidence, although the substantial evidence standard was not part of the ALJ's decision. She maintains that the ALJ issued a Notice of Dismissal and an Order of Dismissal because plaintiff failed to appear for his scheduled hearing. [Doc. 14].

The Commissioner argues that for this Court, "the only civil action permitted on any claim arising under Titles II and XVI is an action to review the "final decision of the Commissioner made after a hearing," citing Hilmes v. Secretary of Health and Human Services, 983 F.2d 67, 69 (6th Cir. 1993) (citing Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 985 (1977)). In the instant case, the Commissioner points out that the ALJ dismissed plaintiff's request for a hearing after plaintiff failed to appear for his scheduled hearing, and the Appeals Council denied plaintiff's request for a review of that decision. [Doc. 13, Exhibits 2 and 5]. Therefore, the Commissioner filed a motion to dismiss for lack of subject matter jurisdiction because plaintiff failed to obtain a "final decision of the Commissioner made after a hearing" and failed to allege any colorable constitutional ground to warrant judicial review. 42 U.S.C. § 405(g).

I find that this Court does not have jurisdiction in this matter, for 42 U.S.C. § 405(g) clearly limits judicial review to a particular type of agency action– a final decision made after a hearing– absent a colorable constitutional claim. Hilmes v. Secretary of Health and Human Services, 983 F.2d 67, 69 (6th Cir. 1993) (citing Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 985 (1977)).

4

As the ALJ noted in his Order of Dismissal, 20 C.F.R. §§ 404.957(b)(1) and 416.1457(b)(1) provide for dismissal of a request for a hearing before an administrative law judge:

> An administrative law judge may dismiss a request for a hearing under any of the following conditions:
>
> . . . . .
>
> (i) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing . . . and good cause has not been found by the administrative law judge for your failure to appear; or
>
> (ii) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.

A dismissal is binding unless it is vacated by an ALJ or the Appeals Council, which may deny or dismiss the request for review, or it may grant the request and either issue a decision itself or remand. 20 C.F.R. §§ 416.1459, 416.1460, 416.1467.

In the present case, the ALJ dismissed plaintiff's request for a hearing, finding that "the claimant has not established a good reason for failure to appear at the scheduled hearing." [Doc. 13, Exhibit 2]. Furthermore, although plaintiff appealed the ALJ's dismissal, the Appeals Council stated that

> We considered your representative's statements that his office was flooded in early December 2004. Your hearing was scheduled for January 6, 2005. Thus, you had ample time to request a postponement of your

5

> hearing. We find no good cause to excuse your failure
> to attend your hearing.

[Doc. 13, Exhibit 5]. As Mr. Baskerville's Declaration indicates, the Appeals Council did not provide appeal rights to its decision. [Doc. 13, Baskerville Declaration and Exhibit 5]. Lastly, plaintiff has failed to allege in his complaint any colorable constitutional ground to warrant judicial review. [Doc. 3].

Based upon the foregoing, there is no "final decision of the Commissioner of Social Security made after a hearing" for this Court to review, 42 U.S.C. § 405(g), and plaintiff has failed to demonstrate any other basis for this Court's review. Therefore, it is hereby **RECOMMENDED**[1] that the defendant's motion to dismiss the complaint [Doc. 12] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).